```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICKY SAMUEL ANDERSON,       )
                             )
          Plaintiff,         )   Civil Action No. 05-1696
                             )
     v.                      )   Judge Cercone
                             )   Magistrate Judge Caiazza
WESTMORELAND COUNTY, et al., )
                             )
          Defendants.        )
```

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

It is respectfully recommended that the Defendants' Motion to Dismiss (Doc. 10) be granted.

State inmate Ricky Samuel Anderson ("Anderson" or "the Plaintiff") has commenced this Section 1983 action against Westmoreland County and District Attorney John Peck ("Peck"). The Plaintiff's alleges to have been beaten[1] and forced into signing a plea agreement. He also claims to have been "framed" by Peck, who allegedly concealed evidence and witnesses.

The Plaintiff avers that, although he did "br[ake] a window," he possessed a "home receipt" giving him permission to be on the premises in question. In this regard, Peck "took away [the] evidence" and "ke[pt] [his] witnesses [sic]." *See* Compl. at § C.

---

1. Anderson fails to identify who beat him, alleging only that it was someone who "dra[gged] him from [his] van." *See* Compl. (Doc. 5) § C.

**A. <u>Liability Against Westmoreland County</u>**

To establish municipal liability, the Plaintiff must: 1) demonstrate the existence of an unlawful policy or custom, and 2) prove that the municipal practice was the proximate cause of his injury. <u>Bielevicz v. Dubinon</u>, 915 F.2d 845, 850 (3d Cir. 1990). The causation element requires a "plausible nexus" or "affirmative link" between the violation and the municipality's custom or practice. *Id.*

Here, Anderson has not set out allegations to establish liability against Westmoreland County. More significantly, he has failed to allege any municipal policy or custom. Accordingly, his claim against Westmoreland County should be dismissed for failure to state a claim.

**B. <u>Liability Against the District Attorney</u>**

A state prosecuting attorney enjoys absolute immunity for actions related to the initiation and prosecution of a criminal case. <u>Imbler v. Pachtman</u>, 424 U.S. 409, 431 (1976). This immunity extends to responsibilities discharged in court, such as the presentation of evidence or legal argument, as well as out-of-court behavior intimately associated with the judicial phases. *Id.* at 431 n.33.

Here, Anderson apparently alleges that the District Attorney either destroyed or withheld exculpatory evidence. The Court of Appeals for the Third Circuit has recognized a difference between

-2-

the two.  Although immunity extends to a prosecutor's failure to disclose exculpatory evidence, it *does not* extend to the destruction of such evidence because that conduct is unrelated to the prosecutor's legitimate functions.  <u>Yarris v. County of Delaware</u>, -- F.3d --, 2006 WL 2796262, *6, *11 (3d Cir. Oct. 2, 2006).

The distinction has no relevance here, however, because Anderson had no right to "[brake] a widow" -- irrespective of the "home receipt" allegedly given to him.  Under the circumstances, the Plaintiff has failed to defeat Peck's entitlement to absolute immunity.  Thus, the claims against this Defendant also should be dismissed.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this report and recommendation are due by November 9, 2006.  Responses to objections are due by November 20, 2006.

October 24, 2006

cc:

John K. Greiner, Esq. (via email)

Francis X. Caiazza
U.S. Magistrate Judge

RICKY SAMUEL ANDERSON
3399-03
Westmoreland County Jail
3000 South Grande Boulevard
Greensburg, PA  15601